UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
URBANA DIVISION

| | |
|---|---|
| SMS DEMAG AKTIENGESELLSCHAFT, ) <br> ) <br> Plaintiff, ) <br> v.   ) <br> ) <br> MATERIAL SCIENCES CORPORATION, ) <br> ) <br> Defendant. ) <br> ) <br> ) <br> TERRONICS DEVELOPMENT ) <br> CORPORATION, ) <br> Intervenor-Plaintiff/ ) <br> Counter-Defendant ) <br> v.   ) <br> ) <br> MATERIAL SCIENCES CORPORATION, ) <br> ) <br> Intervenor-Defendant/ ) <br> Counter-Plaintiff ) | Case No. 06-CV-2065 |

**OPINION**

This case is before the court for ruling on the Motion for Entry of Judgment with Costs (#79) filed by Material Sciences Corporation (MSC). Following this court's careful consideration, MSC's Motion for Entry of Judgment (#79) is GRANTED. Judgment is entered in favor of MSC and against Terronics Development Corporation (Terronics) in the total amount of $192,523.95. Because damages could be determined based upon the written submissions of the parties, the evidentiary hearing on damages scheduled for May 29, 2008, at 10:00 a.m. is hereby VACATED. MSC has also requested costs in the total amount of $7,475.52 from Terronics and SMS Demag Aktiengesellschaft (SMS Demag). Terronics and SMS Demag are allowed thirty (30) days from the date of this Opinion to respond to MSC's request for costs.

BACKGROUND

On November 21, 2007, this court entered an Opinion (#71) which, among other things, granted MSC's Motion for Summary Judgment against Terronics (#66). Following a careful and thorough analysis of the arguments of the parties, this court concluded that MSC was entitled to judgment in its favor on Terronics' Second Amended Complaint. This court also concluded that MSC was entitled to judgment on its Amended Counterclaim against Terronics. This court noted that MSC had contended that it was entitled to summary judgment on its counterclaims against Terronics because it was undisputed that Terronics had not paid the balance remaining due on a promissory note signed by Terronics and because it was undisputed that MSC paid Terronics $32,180 for work Terronics did not perform. This court further noted that Terronics' only response to this argument was that "MSC is due nothing" because "Terronics has the right to setoff any amount claimed by MSC because the Terronics' claims succeed." This court had, however, already concluded that MSC was entitled to summary judgment on all of Terronics' claims. Therefore, this court stated that Terronics' argument that it was entitled to a setoff was without merit and MSC was entitled to summary judgment on its counterclaims. However, this court noted that MSC had not submitted evidence to establish the amount owed under the terms of the promissory note. This court therefore scheduled a telephone status conference so that a hearing on damages could be scheduled.

Several telephone status conferences were held at which various matters were discussed. On several occasions, counsel for MSC stated that there was no real factual dispute regarding damages so that an evidentiary hearing would not be needed. Counsel for Terronics disagreed, however. On March 26, 2008, this court set a hearing on damages for May 29, 2008, at 10:00 a.m. This court further ordered that MSC was to file Findings of Fact and Conclusions of Law as well as its witness list by April 18, 2008, and that Terronics was to file its Findings of Fact, Conclusions of Law and

witness list by May 1, 2008.

On April 18, 2008, MSC filed its Proposed Findings of Fact, Conclusions of Law, and Witness List for the May 29, 2008 Damages Hearing on MSC's Counterclaim against Terronics (#77). MSC attached detailed calculations and stated that there was a balance due of $97,745.00 on the promissory note on April 1, 2002. MSC stated that, with the 7% interest due under the terms of the promissory note, compounded monthly from April 1, 2002, to May 29, 2008, the total amount due on the promissory note is $150,292.17. MSC further stated that Terronics owes $42,231.78 as restitution for its failure to perform under its February 27, 2002, service invoice. This amount was calculated by adding simple interest of 5% per year to the $32,180.00 paid by MSC to Terronics on February 28, 2002. MSC also set out conclusions of law, which included the citation of case law in support of awarding interest of 7% on the unpaid balance of the promissory note and also supported the recovery of prejudgment interest on the fixed amount of restitution in this case. MSC stated that final judgment should be entered in its favor in the total amount of $192,523.95, consisting of $150,292.17 due on the promissory note plus $42,231.78 in restitution. MSC stated that the only witness it intended to call was Steven S. Hamilton, Managing Director, Global Business Development.

On May 1, 2008, Terronics filed its Witness List, Proposed Findings of Fact and Conclusions of Law for Damages Hearing (#78). Terronics did not respond to, or dispute in any way, MSC's calculations regarding the amount Terronics owes on the promissory note. Terronics presented two proposed findings of fact. One stated that "MSC's claim of restitution is properly remedied by MSC's recovery of its benefit of the bargain, i.e., the equipment as repaired for the sum of $32,180.00." The second stated that, if monetary damages are due to MSC, MSC is not due prejudgment interest on its claim of restitution. In its proposed conclusions of law, MSC cited case

law regarding prejudgment interest and argued that this court should exercise its discretion to deny MSC any prejudgment interest. The only witness listed by Terronics was its president, Eduardo C. Escallon.

ANALYSIS

On May 13, 2008, MSC filed its Motion for Entry of Judgment with Costs (#79). MSC argued that the parties' proposed findings and conclusions regarding MSC's damages show that there are no issues of fact to be decided by the court. MSC argued that the hearing on damages, scheduled for May 29, 2008, is unnecessary and this court can enter final judgment in MSC's favor without holding the hearing. This court agrees.

First of all, this court agrees with MSC that Terronics did not dispute in any way MSC's calculations regarding the amount of $150,292.17 due on the promissory note. This court further agrees with MSC that Terronics' arguments regarding MSC's claim for restitution are purely legal contentions which do not require an evidentiary hearing. This court also agrees with MSC that Terronics' arguments are without merit.

In its Motion for Summary Judgment (#66), MSC argued that it was entitled to damages for restitution in the amount of $32,180.00 plus 5% prejudgment interest. As noted previously, Terronics did not dispute this but argued that it was entitled to a setoff. This court rejected Terronics' setoff argument. In granting MSC's Motion for Summary Judgment, this court concluded that a hearing on damages was necessary only as to the calculation of the amount due on the promissory note. Therefore, based on this court's prior Opinion, MSC is entitled to $32,180.00 plus 5% prejudgment interest on its restitution claim.

This court further agrees with MSC that, even if the court considers Terronics' arguments, they are entirely without merit. This court observed in its prior Opinion that Terronics' president

Eduardo Escallon testified at this deposition that the work for which MSC paid $32,180.00 was not completed and the equipment was never provided to MSC. This court agrees with MSC that it is simply absurd that Terronics believes it can now perform the services–more than six years after it promised to do so and after summary judgment has been entered against it–to avoid having to return the money it received from MSC for the work. See Nelson v. Sotheby's, Inc., 128 F. Supp. 2d 1172, 1176 (N.D. Ill. 2001) ("in Illinois, where a contract does not specify a time for performance of a particular obligation, a 'reasonable' time is implied").

Moreover, the parties' agree that this court has discretion to award prejudgment interest because the amount due for restitution is a "fixed amount." See Medcom Holding Co. v. Baxter Travenol Labs., Inc., 106 F.3d 1388, 1405 (7th Cir. 1997). Terronics has argued that this court should exercise its discretion and decline to award prejudgment interest because "the equipment was properly held as a setoff." However, as noted previously, this court determined that Terronics was not entitled to a setoff because none of Terronics' claims had any merit. Terronics' additional argument that this court should deny MSC prejudgment interest "because, had the equipment been returned to MSC, MSC would never have used the equipment" is speculative and nonsensical and requires no further discussion. This court agrees with MSC that awarding prejudgment interest on the fixed amount of restitution in this case is entirely consistent with the purpose of such an award, which is "to fully compensate a party for money of which it has been wrongfully deprived." Mut. Serv. Cas. Ins. Co. v. Elizabeth State Bank, 265 F.3d 601, 630 (7th Cir. 2001).

This court concludes that MSC has shown that it is entitled to judgment against Terronics in the total amount of $192,523.95. The arguments raised by Terronics are legal arguments which do not require an evidentiary hearing and have no merit. Accordingly, the hearing on damages set for May 29, 2008, at 10:00 a.m. is hereby VACATED.

In its Motion (#79), MSC also included a request for costs from SMS Demag and Terronics, with attached supporting documentation.  This court will allow SMS Demag and Terronics thirty (30) days to file a response to MSC's request for costs pursuant to Rule 54(d)(1) of the Federal Rules of Civil Procedure.

IT IS THEREFORE ORDERED THAT:

(1)  MSC's Motion for Entry of Judgment (#79) is GRANTED.

(2) Judgment is entered in favor of MSC and against Terronics in the total amount of $192,523.95.

(3) The hearing on damages scheduled for May 29, 2008, at 10:00 a.m. is hereby VACATED.

(4) The clerk is directed to enter final judgment in this case.  The judgment should include the judgment in favor of MSC and against SMS Demag on its Complaint (#1), the judgment in favor of MSC and against Terronics on its Second Amended Complaint (#54) and the judgment in favor of MSC and against Terronics on MSC's Amended Counterclaim (#62) in the total amount of $192,523.95.

(5) This case is terminated.

(6) Terronics and SMS Demag are allowed thirty (30) days from the date of the Opinion to respond to MSC's request for costs.

ENTERED this 15th day of May, 2008

**s/ Michael P. McCuskey**
MICHAEL P. McCUSKEY
CHIEF U.S. DISTRICT JUDGE