UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
URBANA DIVISION

| | |
|---|---|
| **SMS DEMAG AKTIENGESELLSCHAFT,** ) <br> ) <br> **Plaintiff,** ) <br> v. ) <br> ) <br> **MATERIAL SCIENCES CORPORATION,** ) <br> ) <br> **Defendant.** ) <br> ) <br> **TERRONICS DEVELOPMENT** ) <br> **CORPORATION,** ) <br> **Intervenor-Plaintiff/** ) <br> **Counter-Defendant** ) <br> v. ) <br> ) <br> **MATERIAL SCIENCES CORPORATION,** ) <br> ) <br> **Intervenor-Defendant/** ) <br> **Counter-Plaintiff** ) | Case No. 06-CV-2065 |

**OPINION**

This case is before the court for ruling on the Bill of Costs filed by Material Sciences Corporation (MSC) in which MSC requested costs in the total amount of $7,475.52. SMS Demag Aktiengesellschaft (SMS Demag) and Terronics Development Corporation (Terronics) filed a Joint Response and Opposition to the Bill of Costs (#88). MSC filed a Motion for Leave to File Reply (#91). SMS Demag and Terronics did not file a response so, pursuant to Rule 7.1(B)(2) of the Local Rules of the Central District of Illinois, this court may "presume there is no opposition to the motion." Accordingly, MSC's Motion for Leave to File Reply (#91) is GRANTED. This court has therefore considered the attached Reply and additional supporting documentation. Following this court's careful consideration of the arguments of the parties and the documentation submitted, MSC's Bill of Costs (#79) is allowed, in part, and denied, in part. MSC is hereby awarded costs in

the amount of $6,085.77 against SMS Demag and Terronics, jointly and severally.

## BACKGROUND

On November 21, 2007, this court entered a lengthy Opinion (#71) which concluded that MSC was entitled to summary judgment against SMS Demag and Terronics regarding their claims against MSC. This court also concluded that MSC was entitled to judgment on its Amended Counterclaim against Terronics.

On May 13, 2008, MSC filed a Motion for Entry of Judgment with Costs (#79). MSC argued that no hearing on damages was necessary regarding its counterclaim. MSC attached a Bill of Costs to its Motion (#79) and asked this court to award costs in the total amount of $7,475.52 against SMS Demag and Terronics. On May 15, 2008, this court entered an Opinion (#80). This court agreed with MSC that a hearing on damages regarding MSC's counterclaim against Terronics was unnecessary. This court concluded that MSC had shown that it was entitled to judgment against Terronics in the total amount of $192,523.95. This court also allowed SMS Demag and Terronics thirty (30) days to file a response to MSC's request for costs pursuant to Rule 54(d)(1) of the Federal Rules of Civil Procedure.

On May 15, 2008, Judgment (#81) was entered which stated that: (1) judgment was entered in favor of MSC and against SMS Demag on SMS Demag's Complaint (#1); (2) judgment was entered in favor of MSC and against Terronics on Terronics' Second Amended Complaint (#54); and (3) judgment was entered in favor of MSC and against Terronics on MSC's Amended Counterclaim (#62) in the total amount of $192,523.95. On June 13, 2008, both SMS Demag and Terronics filed a Notice of Appeal (#82, #83).

On June 16, 2008, SMS Demag and Terronics filed a Joint Response and Opposition to the Bill of Costs (#88). They argued that the Bill of Costs is objectionable because: (1) it is not

apportioned by party; (2) it sought costs for transcripts which were not part of the summary judgment proceedings and requested costs for duplicative items; (3) it requested costs which are not allowable; and (4) it was filed in bad faith.

On June 19, 2008, MSC filed a Motion for Leave to Reply (#91). In its attached Reply, MSC responded to the arguments raised by SMS Demag and Terronics and submitted additional documentation.

## ANALYSIS

Rule 54(d) provides that "[u]nless a federal statute, these rules, or a court order provides otherwise, costs–other than attorney's fees–should be allowed to the prevailing party." Fed. R. Civ. P. 54(d)(1). The Seventh Circuit has stated that Rule 54(d)(1) creates a strong presumption that the prevailing party will recover costs. See Mother & Father v. Cassidy, 338 F.3d 704, 708 (7th Cir. 2003). This presumption is difficult to overcome, and the court must award costs unless the losing party establishes a sufficient reason to deny costs. Weeks v. Samsung Heavy Indus. Co., Ltd., 126 F.3d 926, 945 (7th Cir. 1997); Washington v. Vill. of Riverside, Ill., 2003 WL 21789000, at *2 (N.D. Ill. 2003). "In general, a court may deny costs for two reasons: 1) the losing party is unable to pay; and 2) the prevailing party engaged in misconduct." Washington, 2003 WL 21789000, at *2, citing Weeks, 126 F.3d at 945.

In taxing costs, this court must consider whether the costs requested are recoverable and whether the amount requested is reasonable. See Majeske v. City of Chicago, 218 F.3d 816, 824 (7th Cir. 2000). Allowable costs in most cases are limited to the categories listed in 28 U.S.C. § 1920. See Crawford Fitting Co. v. J.T. Gibbons, Inc., 482 U.S. 437, 441-42 (1987); Republic Tobacco Co. v. N. Atlantic Trading Co., 481 F.3d 442, 447 (7th Cir. 2007); Collins v. Gorman, 96 F.3d 1057, 1058 (7th Cir. 1996).

SMS Demag and Terronics first argued that costs should not be allowed in this case because costs have not been apportioned by party so this court "has no means to determine reasonable costs against either party." In its Reply, MSC pointed out that SMS Demag and Terronics cited no case law in support of this argument. MSC argued that, in fact, "[t]he general rule is that any liability for costs is to be joint and several when there are multiple parties on the non-prevailing side." Petit v. City of Chicago, 2003 WL 22339277, at *3 (N.D. Ill. 2003), citing White v. Sundstrand Corp., 256 F.3d 580, 585-86 (7th Cir. 2001). Moreover, "[t]he burden is on the non-prevailing party to show that the general rule should not be applied." Petit, 2003 WL 22339277, at *3. This court agrees with MSC that SMS Demag and Terronics made no argument that the general rule should not apply in this case. This court concludes that SMS Demag and Terronics have not shown that apportionment of costs is necessary. This court therefore concludes that joint and several liability is appropriate. See Petit, 2003 WL 22339277, at *3.

SMS Demag and Terronics next argued that MSC should not be allowed to recover the costs it incurred for deposition transcripts which were not included as exhibits to this court during the summary judgment proceedings. MSC argues that it is not precluded from recovering its costs for these items merely because they were not cited in MSC's motions for summary judgment. This court agrees.

The Seventh Circuit has interpreted 28 U.S.C. § 1920 to include deposition costs, including the costs of deposition transcripts. Cengr v. Fusibond Piping Sys., Inc., 135 F.3d 445, 454 (7th Cir. 1998); Nilssen v. Osram Sylvania, Inc., 2007 WL 257711, at *2 (N.D. Ill. 2007). To award these costs under Rule 54(d), the district court must determine that the costs are reasonable and were necessary to the litigation. See Cengr, 135 F.3d at 454. However, "transcripts need not be absolutely indispensable in order to provide the basis of an award of costs; it is enough that they are

'reasonably necessary.'" Nilssen, 2007 WL 257711, at *2, quoting Barber v. Ruth, 7 F.3d 636, 645 (7th Cir. 1993). Therefore, "simply because the depositions were not cited [in the prevailing party's motion for summary judgment] does not make the costs unrecoverable." Ridings v. Riverside Med. Ctr., 2007 WL 924020, at *2 (C.D. Ill. 2007).

MSC has pointed out that all of the individuals deposed were listed as witnesses in SMS Demag's and Terronics' initial disclosures. SMS Demag and Terronics could therefore reasonably expect MSC to depose those witnesses. See Ridings, 2007 WL 924020, at *2. This court further notes that, in this litigation, it was necessary for MSC to determine whether evidence existed to support any of SMS Demag's and Terronics' claims. Depositions of their listed witnesses was therefore necessary to the litigation. MSC further noted that three of the witnesses were former MSC employees and were deposed at the behest of SMS Demag and Terronics so that SMS Demag and Terronics cannot complain that these deposition were unnecessary. Following careful review, this court concludes that MSC has adequately shown that the costs it incurred for deposition transcripts were necessary to the litigation.

SMS Demag and Terronics have also argued that MSC cannot recover the costs it incurred to obtain transcripts in multiple formats. In its Reply, MSC has agreed that it cannot recover costs incurred in procuring different deposition formats, such as condensed and rough ASCII formats, and for delivery charges and archiving fees. See Giles v. Wyeth Inc., 2007 WL 2908894, at *2 (S.D. Ill. 2007); Solan v. Kaplan, 2004 WL 1672909, at *2 (N.D. Ill. 2004). MSC stated that it was subtracting $1,389.75 from its original request for costs for deposition transcripts. The costs subtracted were for delivery charges, ASCII formats, condensed formats, e-transcripts, and archiving. MSC stated that it was nevertheless entitled to recover the costs it incurred to obtain same-day service of the transcript of Ronald Michaelis because MSC needed to use the transcript

in its reply brief in support of its motion for summary judgment against SMS Demag. The reply brief had to be filed on September 27, 2007, the same day that Michaelis was deposed.

This court concludes that MSC has adequately documented the costs it has claimed for deposition transcripts and has adequately shown that the deposition transcripts were necessary to the litigation. This court also agrees that MSC has shown that the costs it incurred for same day service of the transcript of Ronald Michaelis was reasonably necessary. This court therefore concludes that the revised amount requested of $4,042.90 is reasonable and will be awarded.

SMS Demag and Terronics have also argued that MSC should not be awarded the $2,042,87 it has requested for discovery documents. However, costs for photocopies may be recovered under 28 U.S.C. § 1920(4). See Cengr, 135 F.3d at 454. To award these costs under Rule 54(d), the district court must determine that the costs are reasonable and were necessary to the litigation. Cengr, 135 F.3d at 454. Included in the category of costs considered reasonably necessary for use in the case are copies attributable to discovery. Thomas v. Guardsmark, Inc., 2005 WL 2405823, at *3 (N.D. Ill. 2005). However, "[c]opies made by a party merely for the party's 'convenience of counsel' are not recoverable." Gizaw v. Ill. Dep't of Public Aid, 2004 WL 1403773, at *1 (N.D. Ill. 2004). The burden is on the party seeking recovery to prove that photocopied items were necessary. Gizaw, 2004 WL 1403773, at *2.

MSC has pointed out that this case involved complex commercial disputes arising out of several technology licensing agreements, and the parties' relationship spanned a decade. Because of the nature of the litigation, the parties generated an extraordinarily large volume of discoverable documents. MSC stated that it had possession of approximately 200,000 pages of documents that were made available to SMS Demag and Terronics for inspection and copying. MSC stated that it limited its request for copying charges to those documents it believed were reasonably necessary to

its case against SMS Demag and Terronics. MSC stated that the invoices attached to its Bill of Costs represented the charges incurred to obtain and print copies of documents received from SMS Demag and Terronics in discovery. MSC argued that the total amount sought for copying, $2,042.87, was particularly reasonable in light of the overwhelming number of documents generated in this case.

This court is well aware of the document-intensive nature of this case. This court therefore concludes that MSC has adequately documented its request for the costs it incurred in copying discovery documents and further concludes that MSC has adequately shown that it has only sought reimbursement for copies which were necessary to the litigation.

SMS Demag and Terronics also argued that MSC's request for costs was filed in bad faith and should be stricken in its entirety. This court does not agree. This court has found that MSC's request, as modified, is adequately documented and that MSC has requested costs that were reasonable and necessary to the litigation.

IT IS THEREFORE ORDERED THAT:

(1) MSC's Motion for Leave to File Reply (#91) is GRANTED. The clerk is directed to file the Reply attached to the Motion.

(2) MSC's Bill of Costs is allowed, in part, and denied, in part. The Bill of Costs is denied as to the $1,389.75 MSC agreed to subtract from its original request. The Bill of Costs is allowed in the total amount of $6,085.77. MSC is awarded $4,042.90 for deposition transcripts and $$2,042.87 for copies, for a total award of costs of $6,085.77. SMS Demag and Terronics are jointly and severally liable for the costs awarded.

ENTERED this 18th day of August, 2008
**s/ Michael P. McCuskey**
MICHAEL P. McCUSKEY
CHIEF U.S. DISTRICT JUDGE
